**Douglas L. COX, Petitioner–Appellant,**

v.

**WARDEN, FEDERAL DETENTION CENTER, etc., Respondent–Appellee.**

No. 90–4287
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1990.

Rehearing Denied Oct. 11, 1990.

Douglas L. Cox, Oakdale, La., pro se.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Douglas L. Cox (Cox) appeals the dismissal without prejudice of his habeas corpus petition under 28 U.S.C. § 2241 because of his pending motion to vacate under 28 U.S.C. § 2255. We affirm in part and vacate and remand in part.

### Facts and Proceedings Below

On February 20, 1990, Cox, who was imprisoned at a federal detention center in Oakdale, Louisiana, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241 with the United States District Court for the Western District of Louisiana. This petition set forth the following four grounds for relief: (1) the sentencing court improperly imposed a term of supervised release, instead of special parole, for an offense occurring prior to November 1, 1987; (2) the United States Parole Commission improperly imposed mental health aftercare as a condition for his release from prison; (3) the sentencing court improperly imposed a term of supervised release in excess of that required by the United States Sentencing Guidelines; and (4) the sentencing court improperly imposed an assessment, and the Bureau of Prisons improperly imposed fines and/or restitution, all of which Cox is unable to pay.

According to Cox's section 2241 petition and the attachments to it, Cox pleaded

guilty on August 27, 1987, to one count of aiding and abetting the distribution of cocaine on March 5, 1987, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On January 28, 1988, the United States District Court for the Western District of Missouri convicted him on this count and sentenced him to six years' imprisonment, followed by five years of supervised release, and imposed a fifty dollar special assessment. Cox's section 2241 petition also reflected that he had a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 pending before the sentencing court in Missouri.

The district court referred Cox's section 2241 petition to a federal magistrate. Noting that one of the grounds for relief raised in Cox's section 2255 motion concerned the legality of the sentence imposed,[1] the magistrate recommended that the petition be dismissed without prejudice because a favorable judgment with respect to Cox's section 2255 motion "would render the claims herein moot." Cox subsequently filed an objection to the magistrate's report and recommendation. In that objection, Cox moved in the alternative to delete any of the grounds for relief asserted in his section 2241 petition that the court deemed to concern the legality of the sentence imposed. Cox also filed a motion for leave to amend his section 2241 petition by adding a

fifth ground for relief concerning his allegedly not receiving the proper amount of jail-time credit. The district court, without any further statement of reasons, merely adopted the recommendation of the magistrate to dismiss Cox's section 2241 petition without prejudice. Shortly thereafter, the court denied Cox's motion to amend his petition by adding the fifth ground for relief. This *pro se* appeal followed.

### Discussion

■ Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that "occurred at or prior to sentencing." *United States v. Flores*, 616 F.2d 840, 842 (5th Cir.1980) (citation omitted). "[A] petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979) (citation omitted). Thus, the issue in the present case is whether Cox has alleged any post-sentencing errors in his section 2241 petition that may be remedied under section 2255.[2]

■ In his first and third grounds for relief, Cox alleged that the sentencing court improperly imposed supervised re-

---

1. According to Cox's section 2241 petition, he raised the following twelve grounds for relief in his section 2255 motion to vacate: "1) Sentence imposed in violation of law; 2) Involuntary guilty plea; 3) Trial court erred; 4) Denial of due process rights; 5) Denial of effective assistance; 6) Denial of assistance; 7) Admissions of fact by U.S. Attorney; 8) Denial of right to appeal; 9) Default by the clerk of the court; 10) Conflict of interests; 11) Conviction obtained by entrapment; and 12) Court failed to comply with provisions of I.A.D." Because of the conclusory nature of Cox's listing of these claims, it is unclear whether the grounds for relief set forth in Cox's section 2241 petition were raised in his section 2255 motion or are closely intertwined with the claims asserted in this motion.

2. The district court adopted the recommendation of the federal magistrate to dismiss without prejudice Cox's section 2241 petition in light of his section 2255 motion to vacate pending before the sentencing court. The magistrate emphasized, "As [the sentencing] court will address similar issues as is raised here, and a successful

judgment would render the claims herein moot, this court should abstain until the completion of that suit." It is not essential to dismissal of the section 2241 petition, however, that Cox had a section 2255 motion *actually pending* at the time that he filed his section 2241 petition, because a collateral attack of any alleged error that may be remedied under section 2255 must be brought before the sentencing court. *See* 28 U.S.C. § 2255 ("An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, *to the court which sentenced him,* or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (emphasis added)). Here, Cox's section 2241 petition was not brought before the sentencing court. Further, if Cox had raised grounds for relief that are properly brought under section 2241, the mere possibility of section 2255 relief as to other issues does not

lease, instead of special parole, and that, even if such were permissible, the court imposed an excessive term of supervised release. The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255. For the same reasons, the court's dismissal of Cox's fourth ground for relief also was proper to the extent that Cox therein alleged that the sentencing court had improperly imposed an assessment.[3]

▮▮▮▮ In his second ground for relief, Cox alleged that the Parole Commission improperly imposed mental health aftercare as a condition of his release from prison. The district court erred in dismissing this claim on the grounds stated because the claim concerned an alleged post-sentencing error for which section 2241 is the proper vehicle for any available judicial habeas remedy.[4] *Cf. Blau v. United States*, 566 F.2d 526, 527–28 (5th Cir.1978) (per curiam) ("a petition for habeas corpus pursuant to 28 U.S.C. § 2241, rather than a § 2255 motion, is the proper vehicle to review a decision by the Parole Commission"). For the same reasons, the district court's stated basis for dismissing Cox's fourth claim is likewise erroneous to the extent that Cox alleged that the Bureau of Prisons improperly imposed fines and/or restitution.[5]

▮▮▮▮ After dismissing Cox's section 2241 petition, the district court denied Cox's motion for leave to amend his complaint by adding a fifth ground for relief concerning his allegedly not having received the proper amount of jail-time credit. Cox asserted that he should have received jail-time credit for the time that he was released on bond prior to his entering of a guilty plea to the underlying offense. The district court denied Cox's motion to amend. Because the government had not been served, however, Cox had an automatic right to amend his petition under Rule 15(a) of the Federal Rules of Civil Procedure. *Cf. Barksdale v. King*, 699 F.2d 744, 747 (5th Cir.1983). Nevertheless, in denying Cox's motion to amend, the district court correctly emphasized that this Court has consistently rejected such claims on the merits. *See, e.g., Cerrella v. Hanberry*, 650 F.2d 606, 607 (5th Cir.), *cert. denied*, 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981); *Cochran v. United States*, 489 F.2d 691, 692–93 (5th Cir.1974). Thus, because this claim on its face warrants no relief, Cox was not prejudiced by the denial of his motion to add this claim.[6]

In sum, for the reasons stated, we conclude that the district court properly dismissed without prejudice Cox's section 2241 petition to the extent Cox challenged

---

justify the dismissal without prejudice of the section 2241 issues. *Cf. Escobedo v. Estelle*, 650 F.2d 70, 74 ("'the mere possibility of success in additional state [collateral] proceedings does not bar federal consideration'" of state prisoner's habeas corpus petition (citations omitted)), *modified on other grounds*, 655 F.2d 613 (5th Cir.1981).

**3.** In his objection to the magistrate's recommendation, Cox moved in the alternative to delete any of his grounds for appeal that the district court determined to involve the legality of the sentence imposed. Thus, although the district court did not specifically address this motion, its dismissal without prejudice of those claims that may be remedied under section 2255 is consistent with that motion. *Cf. Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 1199, 1204, 71 L.Ed.2d 379 (1982) (suggesting that a state prisoner who files a mixed habeas corpus petition with both exhausted and unexhausted claims may achieve exhaustion by amending his petition to delete the unexhausted claims).

**4.** We express no opinion as to whether this claim may be dismissed as not being ripe or on the merits.

Subsequent to his filing of his notice of appeal and his appellate brief, Cox filed a motion with this Court to join the Parole Commission as a party to this action. Because the Parole Commission was not a party below, we deny this motion. On remand, however, Cox may submit such a motion to the district court.

**5.** On the other hand, if the Bureau of Prisons imposed such fines and/or restitution pursuant to the terms of the sentence, any error in this respect may be remedied under section 2255. The record, however, reflects neither what type of fines and/or restitution was imposed by the Bureau of Prisons nor whether the sentence provided for such.

**6.** Cox also contended in this connection that he should have been awarded 157 days of jail-time credit for the time that he was imprisoned prior to sentencing. The matters submitted by Cox

the sentencing court's imposition of supervised release and any form of monetary assessment, fine, or restitution ordered by the sentencing court. We also conclude that Cox was not prejudiced by the district court's denial of his motion to amend his petition by adding a claim concerning the computation of his jail-time credits. Finally, we conclude that the district court erred in dismissing his petition as improperly brought under section 2241 (as distinguished from section 2255) to the extent that Cox challenged the Parole Commission's imposition of mental health aftercare as a condition of his release from prison and the Bureau of Prisons' imposition of fines and/or restitution.[7] Accordingly, the judgment of the district court is affirmed in part and vacated in part, and the cause is remanded for further proceedings not inconsistent herewith.

AFFIRMED in part, VACATED in part; cause REMANDED.

reflect that he was awarded 155 days of jail-time credit for his imprisonment on July 27, 1987 (following his voluntary surrendering to the authorities) and from August 27, 1987 (when he entered his guilty plea) through January 27, 1988 (the day before he was convicted and sentenced and that sentence was executed). In his motion to amend and the attachments to it, Cox does not suggest that he was imprisoned for any other day prior to the execution of his sentence. Thus, because a simple mathematical calculation reveals the lack of merit in this claim, Cox

was not prejudiced by the district court's denial of his motion to add this claim.

7. As observed (see notes 5 and 6, *supra*), we express no opinion on the ripeness or the merits of these allegations; we also note that they are quite vague, and the district court may properly require a more detailed and understandable statement of his claims in this respect from Cox.

All of Cox's pending motions in this Court are denied.