# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-60383
Summary Calendar

_____

JAMES O. BOYCE,

                                                                Petitioner-

Appellant,

versus

MARY THOMS, Warden of Federal Medical
Center Lexington,  As an Agent of the United States,

                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CV-136-BrR

_____

December 7, 1999

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

       James O. Boyce, federal prisoner # 03723-043, appeals the district court's dismissal of his 28

U.S.C. § 2241 petition.  He argues that the district court erred in dismissing his petition on

jurisdictional grounds and, alternatively, that the district court erred in construing his petition as a

successive 28 U.S.C. § 2255 motion.

       The district court was correct in concluding that it lacked jurisdiction over the pleading as a

§ 2241 petition.  See United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990).  However, the petition

was properly construed as a § 2255 motion since Boyce challenges the validity of his sentence.  See

_____

       * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1131-32 (5th Cir. 1987).

Boyce contends that his petition was a § 2241 petition even though it challenges a federal sentence because he has shown that § 2255 relief is inadequate in his case since a § 2255 motion would be barred as successive. Cox, 911 F.2d at 1113. A prior unsuccessful § 2255 motion is not, in and of itself, sufficient to establish the inadequacy or ineffectiveness of the remedy under § 2255. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); see also Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999). The claims Boyce seeks to raise are substantially the same claims he raised in his first § 2255 motion, recast in a § 2241 petition in an attempt to circumvent the rules prohibiting successive § 2255 motions. The district court's judgment dismissing Boyce's motion as a successive § 2255 motion filed without prior authorization from this court is AFFIRMED.