IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 99-31075
Conference Calendar

---

GREGORIO R. MACHADO,

Plaintiff-Appellant,

versus

MARTHA L. JORDAN; JANET RENO, Attorney General of the
United States of America; UNITED STATES OF AMERICA,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1156
- - - - - - - - - -
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Gregorio R. Machado, #52519-004, appeals the district court's dismissal of his § 28 U.S.C. 2241 petition.

Machado pending "emergency" motions to expedite the appeal and requesting summary judgment are DENIED.

Section 2255 provides the primary method of collateral attack on a federal sentence. Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 is the proper habeas remedy for a prisoner challenging the execution of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence rather than the validity of his conviction and sentence. <u>United States v. Cleto</u>, 956 F.2d 83, 84 (5th Cir. 1992). Machado sought to challenge his conviction based upon an alleged breach of the plea agreement.

Section 2241 may be used only if "the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention." <u>Cox</u>, 911 F.2d at 1113 (internal quotations and citation omitted). The petitioner bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective. <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979). Machado fails to meet this burden. He offers no reasoned argument for extending § 2241 relief to his breach-of-the-plea-agreement claim.

A § 2255 motion must be filed in the district where the prisoner was convicted. <u>United States v. Weathersby</u>, 958 F.2d 65, 66 (5th Cir. 1992). Machado was convicted and sentenced by the district court for the Southern District of Florida. The district court for the Western District of Louisiana thus lacked jurisdiction to consider his § 2255 motion on the merits. The district court's dismissal of Machado's petition is AFFIRMED.