IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40675
Conference Calendar

_____

DELL HESTER,

                                        Petitioner-Appellant,

versus

MICHAEL PURDY,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-93
- - - - - - - - - -
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Dell Hester, federal prisoner # 21517-044, appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition. Hester argues that he may challenge his career offender status under the Sentencing Guidelines in a § 2241 petition because his remedy under 28 U.S.C. § 2255 is inadequate because he has not been granted leave to pursue a successive § 2255 motion.

    A prisoner may seek § 2241 relief if he can establish "that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention." Cox v. Warden, Fed.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)(internal quotation and citation omitted).  A prior unsuccessful § 2255 motion is not, in and of itself, sufficient to establish the inadequacy or ineffectiveness of the remedy under § 2255.  McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); see also United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(motion under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA's "second or successive" requirements), petition for cert. filed, (U.S. Jan. 3, 2000) (No. 99-7691).  Hester's § 2241 petition is an attempt to circumvent the limitations on filing a successive § 2255 motion.  Accordingly, the judgment of the district court is AFFIRMED.  Judge Garza would dismiss Hester's appeal for lack of jurisdiction.