IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41258
Conference Calendar

_____


DANILO MARTINEZ-PEREZ,

                                        Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 99-41258
- - - - - - - - - -
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Danilo Martinez-Perez (Perez), federal prisoner # 57742-079,

appeals from the district court's dismissal of his 28 U.S.C.

§ 2241 petition.  Perez argues that he may challenge his

conviction and sentence in a § 2241 petition because his remedy

under 28 U.S.C. § 2255 is inadequate because he has not been

granted leave to pursue a successive § 2255 motion.

_____

    [*]  Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

A prisoner may seek § 2241 relief if he can establish "that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention."  Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)(internal quotation and citation omitted).  A prior unsuccessful § 2255 motion is not, in and of itself, sufficient to establish the inadequacy or ineffectiveness of the remedy under § 2255.  McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); see also United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(motion under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA's "second or successive" requirements), cert. denied, 120 S. Ct. 1208 (2000).  Perez's § 2241 petition is an attempt to circumvent the limitations on filing a successive § 2255 motion. Accordingly, the judgment of the district court is AFFIRMED.