IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41460
Conference Calendar
_____

LONNIE GRIFFIN,

Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-655
- - - - - - - - - -
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lonnie Griffin, federal prisoner #13844-039, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. He argues that 28 U.S.C. § 2255 is an inadequate remedy because he was unsuccessful in his prior § 2255 motions, which, he contends, were a prerequisite to his seeking relief under § 2241.

"[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). Griffin carries the burden to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrate that a § 2255 motion is an inadequate or ineffective vehicle for his claims, which challenge his conviction and sentence.  See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  His claim that his 1990 conviction for structuring a financial transaction to evade reporting requirements must be vacated in light of Ratzlaf v. United States, 510 U.S. 135 (1994), was presented in a prior § 2255 motion in the Sixth Circuit.  The district court did not err in finding that Griffin's Ratzlaf claim was a challenge to his conviction and sentence, rather than a challenge to the manner in which his sentence was being executed, thus § 2255 was the appropriate vehicle for Griffin's claim; and because § 2255 was not inadequate or ineffective to test the legality of Griffin's detention, he could not circumvent the authorization requirements of § 2244 by proceeding under § 2241.  See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1114-15 (5th Cir. 1990).

The authorities cited in Griffin's letter to the clerk of court, dated August 1, 2000, have no relevance to this appeal.

Griffin's motion for expedited review, filed on September 29, 2000, is DENIED.

AFFIRMED; MOTION DENIED.