IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41474
Conference Calendar

_____

WILLIAM LOPEZ ALZATE;
ORLANDO GONZALEZ-HERNANDEZ,

Petitioners-Appellants,

versus

JOHN M. TOMBONE, Warden, Federal
Correctional Complex,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-629
--------------------
October 18, 2000
Before SMITH, and BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Lopez Alzate, federal inmate #59029-079, and Orlando Gonzalez-Hernandez, federal inmate #59034-079, appeal the dismissal of their 28 U.S.C. § 2241 petition. They argue that § 2255 is an inadequate vehicle because they were unsuccessful in their prior § 2255 motions and because § 2241 permits joinder of petitioners whereas § 2255 does not. They also contend that their claims are a post-sentencing matter because the Government failed to act on its promise to move for reduction of Alzate and Hernandez's sentences.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). Their joinder argument is unpersuasive, and Alzate and Hernandez carry the burden to demonstrate that a § 2255 motion is an inadequate or ineffective vehicle for their claims, which essentially challenge their guilty-plea convictions and sentences. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). Their contention that their claims comprise a post-sentencing matter is simply incorrect. A review of the appellate record reveals that their claims arise from the purported plea agreement from which their guilty pleas ensued.

The district court did not err in dismissing the § 2241 petition. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1114-15 (5th Cir. 1990).

AFFIRMED.