IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41354
Conference Calendar
_____


TOM MINH TRINH,

                                        Petitioner-Appellant,

versus

JONATHAN DOBRE , Warden

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-719
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Federal inmate Tom Minh Trinh, inmate # 84337-022, appeals

the dismissal of his petition filed pursuant to 28 U.S.C. § 2241.

Trinh argues that the jury was not instructed that they had to

find a particular type of methamphetamine to convict him, but

that after he was convicted, the probation officer held Trinh

accountable for "ice methamphetamine" which carries a much

greater sentence.  According to Trinh, under the Supreme Court's

recent holdings in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000)

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and <u>Jones v. United States</u>, 526 U.S. 227 (1999), he could not be sentenced on any fact that was not submitted to the jury.

Trinh's argument that relief under 28 U.S.C. § 2255 is inadequate because the cases on which he relies were not yet decided is in essence an argument that he is unable to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA) for filing a successive § 2255 motion.  Inability to meet the AEDPA's requirements for filing a successive § 2255 motion is not, in and of itself, sufficient to establish the inadequacy or ineffectiveness of the remedy under § 2255.  <u>See</u> <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877-78 (5th Cir. 2000) (a federal prisoner's inability to meet the "second or successive" motion requirements--as set forth in § 2255 as amended by the [AEDPA]--does not make the § 2255 remedy "inadequate or ineffective").  Because Trinh fails to show that § 2255 was inadequate, he is not entitled to relief under § 2241.  <u>See</u>  <u>Cox v. Warden, Fed. Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990).

The district court's dismissal of his petition is AFFIRMED.