IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41132
Conference Calendar

_____

GASPAR GARCIA,

Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden

Respondent-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-542
- - - - - - - - - - -
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Gaspar Garcia, federal prisoner # 64529-079, appeals from
the district court's judgment dismissing his application for a
writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.
Because Garcia's application challenged the validity of his
sentence, his challenge should be brought only under 28 U.S.C.
§ 2255, unless he made a showing that 28 U.S.C. § 2255 provided
an inadequate and ineffective remedy.  See Cox v. Warden, Fed.
Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).  Garcia
fails to make this necessary showing with his argument that,

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), was rendered after he had filed his 28 U.S.C. § 2255 motion, and because the stringent requirements for filing successive 28 U.S.C. § 2255 motions would prevent him from raising a challenge to his sentence based on <u>Apprendi</u> in a second 28 U.S.C. § 2255 motion, it is in effect an inadequate remedy. This argument is without merit. The <u>Apprendi</u> decision is limited to facts that increase a defendant's sentence beyond the statutory maximum. <u>Id.</u>, 120 S. Ct. at 2362-63. Because Garcia pleaded guilty to conspiracy to possess with intent to distribute in excess of 1000 kilograms of marijuana, the maximum sentence was life in prison. 21 U.S.C. § 841(b)(1)(A). His sentence of 151 months is below the statutory maximum. <u>Apprendi</u> does not apply.

The district court's dismissal of his 28 U.S.C. § 2241 application is AFFIRMED.