IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40613
Conference Calendar
_____

GEORGE ESCAMILLA,

                                        Petitioner-Appellant,

versus

WARDEN USP BEAUMONT;
UNITED STATES PAROLE COMMISSION,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-225
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     George Escamilla, federal prisoner # 54920-146, appeals the district court's denial of his 28 U.S.C. § 2241 petition. He argues that his indictment was defective in that it did not allege that he was subject to a life term of special parole and that his sentence should be vacated in view of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Because Escamilla is challenging errors that occurred at or before sentencing, his claims should have been raised in a 28 U.S.C. § 2255 motion. See Cox v. Warden, Federal Detention Ctr.,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

911 F.2d 1111, 1113-14 (5th Cir. 1990).  The district court should have construed the petition as a 28 U.S.C. § 2255 motion and dismissed it for lack of jurisdiction as Escamilla was convicted in the District Court for the Western District of Texas, but he filed this petition in the District Court for the Eastern District of Texas.  Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997).  Further, Escamilla has filed a previous 28 U.S.C. § 2255 motion and has not obtained this court's authorization to file a successive 28 U.S.C. § 2255 motion.  See § 2255 ¶ 8.  Because the district court lacked jurisdiction, this court lacks appellate jurisdiction to review the issues on the merits.  See United States v. Key, 205 F.3d 773, 775 (5th Cir. 2000).

AFFIRMED.