United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31259
Conference Calendar

_____

WELTON BROWN,

Petitioner-Appellant,

versus

JOSEPH M. HARO,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-505
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Welton Brown, federal prisoner # 21317-034, appeals from the

denial of his petition for 28 U.S.C. § 2241 relief.  Brown

contends that the conviction that resulted in his 1980

resentencing in state court should not have been used to enhance

his later federal sentence because he was not represented by

counsel at the state-court resentencing.  He argues that *Alabama*

*v. Shelton*, 535 U.S. 654 (2002), which recognizes a Sixth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Amendment right to counsel when probated or suspended sentences are imposed, *see Shelton*, 535 U.S. at 674, applies retroactively to his case on collateral appeal. He also argues that he was convicted of a nonexistent offense, citing to *Shelton*, *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001), and *Pack v. Yusuff*, 218 F.3d 448 (5th Cir. 2000), but does not elaborate on how he was convicted of a nonexistent offense.

Brown has not demonstrated that 28 U.S.C. § 2255 is an ineffective or inadequate vehicle for relief, allowing him to pursue relief under 28 U.S.C. § 2241. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Brown was sentenced to 10 years' imprisonment in 1980. Brown had available to him when he first sought 28 U.S.C. § 2255 relief the law relevant to his claim that he was not represented by counsel at his resentencing. *See Scott v. Illinois*, 440 U.S. 367, 374 (1979). Brown therefore cannot satisfy the prerequisites for seeking 28 U.S.C. § 2241 relief. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

We previously warned Brown that further challenges to his sentence would result in sanctions. *Brown v. Casterline*, No. 97-31059, 1-2 (5th Cir. Apr. 21, 1998)(unpublished). IT IS ORDERED that Brown is sanctioned in the amount of $100, to be paid to the clerk of this court. IT IS ORDERED that the clerk of this court and the clerks of the district courts in this circuit

may not accept any motions, petitions, applications, or appeals from Brown challenging his federal bank robbery sentence, or the use of any prior convictions to enhance that sentence, until the monetary sanction is paid.  Additionally, IT IS ORDERED THAT, after the monetary sanction is paid, the clerk of this court and the clerks of the district courts in this circuit may not accept any submissions challenging Brown's federal bank robbery sentence, or the use of any prior convictions to enhance that sentence, unless Brown first obtains the written authorization of a judge of this court, or of the forum court, to file the motion, petition, application, or appeal in question.

AFFIRMED.  SANCTION IMPOSED.