# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-40908
Conference Calendar

ROBERT JESSE SMALLWOOD

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-28

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Jesse Smallwood, federal prisoner # 42708-080, filed this petition pursuant to 28 U.S.C. § 2241. He argues that: (1) his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) that a 28 U.S.C. § 2255 motion is inadequate and ineffective to test the legality of his detention.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 2255 provides the primary means of collaterally attacking a federal sentence based on errors that occurred at or prior to sentencing. Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking the imposition of a federally imposed sentence may be considered only where the petitioner establishes that § 2255 is "inadequate or ineffective to test the legality of his detention." Id. (internal quotation and citations omitted). Smallwood bears the burden of showing that a § 2255 motion is an inadequate vehicle in which to bring his claims into federal court. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). Claims based on Apprendi, Blakely, and Booker do not fall under the savings clause of § 2255. Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005); Wesson v. U.S. Penitentiary Beaumont, Tx., 305 F.3d 343, 346-47 (5th Cir. 2002). Therefore, the district court did not err in dismissing Smallwood's § 2241 petition. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Accordingly, the judgment of the district court is AFFIRMED.