# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2010

Lyle W. Cayce
Clerk

No. 09-31179
Summary Calendar

JAMES E BAKER,

Petitioner-Appellant

v.

MARINA MEDINA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-1468

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James E. Baker, federal prisoner # 16137-064, is serving a 235-month sentence for possession of ammunition by a felon. His conviction and sentence were affirmed on direct appeal. *United States v. Baker*, 508 F.3d 1321, 1330 (10th Cir. 2007). Baker filed a petition for habeas corpus relief under 28 U.S.C. § 2241, arguing that the presentence report incorrectly recommended an enhancement under the Armed Career Criminal Act since his civil liberties as to his 1997 burglary conviction had been restored under Kansas law. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court determined that Baker could not proceed under § 2241 because his claim did not satisfy the requirements of the "savings clause" of 28 U.S.C. § 2255(e) and dismissed the § 2241 petition for lack of jurisdiction.

Section 2255 provides the main vehicle to raise a collateral challenge to a federal sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2255 relief is the remedy for "errors that occurred at or prior to sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotation marks and citation omitted). In contrast, § 2241 is used to raise a challenge to "the manner in which a sentence is executed." *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 that raises errors "that occurr[ed] at trial or sentencing is properly construed [as arising] under § 2255." *Id.* at 877-78. Baker is challenging the factual correctness of his sentence enhancement. As such, Baker's claim arose at the latest during his sentencing and must be presented under § 2255. *See Cox*, 911 F.2d at 1113; *see also Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

If a prisoner can demonstrate that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. Baker has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). The judgment of the district court is AFFIRMED.

2