# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2011

No. 10-11144
Summary Calendar

Lyle W. Cayce
Clerk

WANDA LAFAYE LEE,

Petitioner-Appellant

v.

WARDEN JOE KEFFER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-795

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Wanda Lafaye Lee, federal prisoner # 33841-177, appeals the dismissal of her 28 U.S.C. § 2241 petition, which challenged the sentence imposed following her conviction of being a felon in possession of a firearm. She argues that she was actually innocent of the offense of possession of a controlled substance in connection with her illegal possession of a firearm and that the resulting enhancement of her sentence represents a miscarriage of justice. Lee also argues that the district court erred at sentencing by applying the enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11144

where she had not been convicted of another offense involving the illegally possessed firearm.  This court reviews a district court's dismissal of a § 2241 petition on the pleadings de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

A motion pursuant to 28 U.S.C. § 2255 "is the primary means of collaterally attacking a federal sentence.  Section 2241 is used to attack the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (citation omitted).  Under the "savings clause" of § 2255, however, a prisoner may seek relief under § 2241 from custody resulting from a federally imposed sentence if she can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of [her] detention." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (quotation marks omitted).  Lee has not shown that her § 2241 petition falls within the savings clause of § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  Accordingly, the judgment of the district court is AFFIRMED.