# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2011

No. 10-60700
Summary Calendar

Lyle W. Cayce
Clerk

JOHN ALVIN PAYNE,

Petitioner-Appellant

v.

BRUCE PEARSON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-117

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

John Alvin Payne, federal prisoner # 85849-012, is serving a 50-year sentence for a conviction under the continuing criminal enterprise statute; four counts of distribution of cocaine; and three counts of structuring financial transactions to evade income reporting requirements. Payne filed a 28 U.S.C. § 2241 petition arguing that his counsel was ineffective for failing to argue "that fronting drugs [does] not constitute [a] managerial relationship for a conviction" under the continuing criminal enterprise statute. The district court determined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Payne could not proceed under § 2241 because his claim did not satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e). The district court thus dismissed Payne's § 2241 petition as frivolous and to the extent it was construed as a § 2255 motion, the district court dismissed it for lack of jurisdiction.

Section 2255 provides the main vehicle to raise a collateral challenge to a federal sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2255 relief is hence the appropriate remedy for "error[s] that occurred at or prior to sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111,1113 (5th Cir. 1990) (internal quotation marks and citation omitted). In contrast, § 2241 is properly used to raise a challenge to "the manner in which a sentence is executed." *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 that raises errors "that occurr[ed] at trial or sentencing is properly construed [as arising] under § 2255." *Id*. at 877-78. Payne is challenging alleged errors that happened at trial. As such, Payne's claim must be raised in a § 2255 motion. *See Cox*, 911 F.2d at 1113.

If a prisoner can demonstrate that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255).

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id*. at 904. Payne has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). *See Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir 2000). The judgment of the district court is AFFIRMED.