# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2012

No. 11-60757
Summary Calendar

Lyle W. Cayce
Clerk

JOSE MORA,

Petitioner-Appellant

v.

WARDEN, FEDERAL CORRECTIONAL COMPLEX, YAZOO CITY MEDIUM,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:11-CV-148

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Mora, federal prisoner # 81024-020, moves this court for leave to proceed in forma pauperis (IFP) on appeal following the dismissal without prejudice of his 28 U.S.C. § 2241 petition. A movant for IFP on appeal must show that he is a pauper and that he will present a nonfrivolous appellate issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Mora claims that the district court should have looked to this court's decisions in *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979), or *Cox v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Warden*, 911 F.2d 1111, 1113-14 (5th Cir. 1990), when ruling on his petition. At issue in those cases, however, was whether the petitioner could proceed under § 2241 because the remedy provided for under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention. *McGhee,* 604 F.2d at 10; *Cox,* 911 F.2d at 1113.

In this case, the district court dismissed Mora's § 2241 petition without prejudice because his petition related to his dietary and/or medical needs, and a determination in his favor would not result in his accelerated release. The district court therefore correctly concluded that his claim was not cognizable under § 2241. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Moreover, because his claim was not cognizable under § 2241, the district court did not abuse its discretion in implicitly denying his motion for appointment of counsel. *See Tollett v. City of Kemah*, 285 F.3d 357, 369 n.* (5th Cir. 2002); *United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994).

Mora has not established that he will raise a nonfrivolous appellate issue. *See Carson*, 689 F.2d at 586. Accordingly, we DENY the motion to proceed IFP on appeal, and we DISMISS his appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.