# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2012

No. 12-40133
Summary Calendar

Lyle W. Cayce
Clerk

SAIFULLAH ANJUM RANJHA, also known as Salifullah Anjum Ranjha,

Petitioner-Appellant

v.

MICHAEL D. CARVAJAL, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:11-CV-168

Before DAVIS, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Saifullah Anjum Ranjha, federal prisoner # 43091-037, pleaded guilty to one count of conspiracy to launder monetary instruments and one count of terrorist financing. Ranjha sought habeas relief under 28 U.S.C. § 2241, maintaining he was convicted of a nonexistent offense in light of the Supreme Court's decisions in *Regalado Cuellar v. United States*, 553 U.S. 550 (2008), and *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). The district court ruled Ranjha could not proceed under § 2241 because his claims did not satisfy the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements of the "savings clause" of 28 U.S.C. § 2255(e) and dismissed his § 2241 petition.

Section 2255 relief is the remedy for "errors that occurred at or prior to sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotation marks omitted). A § 2241 petition raising errors "that occurr[ed] at trial or sentencing is properly construed [as arising] under § 2255." *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Because Ranjha challenges the legality of his conviction and sentence, his claims must be presented under § 2255. *Cox*, 911 F.2d at 1113.

If a prisoner can demonstrate that the § 2255 remedy would be "inadequate or ineffective to test the legality of [the prisoner's] detention," he may be permitted to pursue a claim pursuant to § 2241 under § 2255's "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause applies to any claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and "that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

Ranjha has not made the requisite showing because his claims based on *Regalado Cuellar* and *Flores* could have been raised in his initial § 2255 motion filed on May 22, 2009. Further, his claim that he cannot obtain relief through § 2255 because his motions to supplement and amend his initial § 2255 motion were denied as untimely, does not render relief under § 2255 "inadequate or ineffective." *See Tolliver*, 211 F.3d at 878. Therefore, Ranjha has not shown that he is entitled to proceed under § 2255's savings clause. Accordingly, the judgment of the district court dismissing his § 2241 petition is AFFIRMED.