# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2013

Lyle W. Cayce
Clerk

No. 12-40960
Summary Calendar

DARIO MORROW,

Petitioner-Appellant

v.

RIVERA, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-293

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dario Morrow, federal prisoner # 50383-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, challenging his conviction in the United States District Court for the Middle District of Florida of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime. He reasserts his claim that the Government breached the plea agreement when it failed to drop the firearm charge, and he argues that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

holding that this claim was not cognizable under § 2241 and could not be raised under the "savings clause" of 28  U.S.C. § 2255.

Because Morrow's claim that the Government breached the plea agreement concerns facts that arose at or prior to sentencing, the district court did not err in determining that it was more properly construed as a § 2255 motion.  *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Morrow may not use § 2241 as a vehicle to challenge his conviction unless he shows that § 2255 "is inadequate or ineffective to test the legality of his detention."  *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Because Morrow failed to make this showing, the district court did not err in dismissing his § 2241 petition.

AFFIRMED.