# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30168
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2015

Lyle W. Cayce
Clerk

DORIAN J. FRANCIS,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2308

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dorian J. Francis, federal prisoner # 27103-034, is serving a 177-month sentence for bank robbery and using, carrying, and discharging a firearm during a crime of violence. Francis filed a 28 U.S.C. § 2241 petition arguing that he was entitled to resentencing because the indictment failed to notify him of the Government's intent to seek an enhancement pursuant to 18 U.S.C. § 924(c)(1)(A)(iii). He further argued that his sentence violated the Double

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30168

Jeopardy Clause and that he was actually innocent. The district court denied Francis's § 2241 petition because he failed to satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e).

Section 2255 provides the main vehicle to raise a collateral challenge to a federal sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2255 relief is hence the appropriate remedy for "error[s] that occurred at or prior to sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotation marks and citation omitted). In contrast, § 2241 is properly used to raise a challenge to "the manner in which a sentence is executed." *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 that raises errors "that occur[red] at trial or sentencing is properly construed under § 2255." *Id.* at 877-78. Francis is challenging alleged errors that happened at trial and sentencing. As such, Francis's claims must be raised in a § 2255 motion. *See Cox*, 911 F.2d at 1113.

If a prisoner can demonstrate that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). To make this showing, Francis must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (ii) "that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

Francis has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). *See Reyes-Requena*, 243 F.3d at 904; *Wesson*

No. 15-30168

*v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). Accordingly, the judgment of the district court is AFFIRMED.