# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30088
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

KEVIN PRZEMYSLAW PAWLIK,

Plaintiff–Appellant,

versus

CHARLES MAIORANA, Warden,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-3546

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

While in custody of the Bureau of Prisons ("BOP") as federal prisoner

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30088

# 10028-023, Kevin Pawlik filed a habeas corpus petition under 28 U.S.C. § 2241, claiming that the BOP incorrectly applied a Sex Offender Public Safety Factor ("PSF") to his prison classification based on allegedly erroneous statements in his presentence report ("PSR") indicating that he had had sexual contact with a minor. Pawlik asserted that the PSF adversely affected his confinement by precluding him from incarceration in a minimum-security prison and from entry into a halfway-house program.

Pawlik appeals the dismissal, for want of jurisdiction, of the § 2241 petition. The district court reasoned that § 2241 was not the proper vehicle for Pawlik's claim because he was challenging the inclusion of allegedly incorrect information in his PSR, an issue under the purview of 28 U.S.C. § 2255 because it related to matters that occurred at or before sentencing. Pawlik contends that the district court had jurisdiction to consider his § 2241 claim because the incorrect application of the PSF adversely affected conditions of confinement.

We review a dismissal of a § 2241 petition *de novo*. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Although Pawlik tries to reframe his argument as being directed at the execution of his sentence, his challenge to the correctness of factual findings in his PSR is directed at an error that allegedly occurred at or before sentencing. A challenge to errors occurring at or before sentencing falls under the purview of § 2255. *Pack*, 218 F.3d at 451; *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Pawlik does not brief any argument challenging the district court's determination that he did not meet the requirements of the savings clause under § 2255(e) and that any claim he sought to assert under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), would fail to state a claim because his BOP classification did not implicate a protected liberty or property interest. He has thus waived any such contentions. *See Yohey*

2

*v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Pawlik has not shown that the district court erred in dismissing for lack of jurisdiction.  *See Pack*, 218 F.3d at 451.  Accordingly, the judgment of dismissal is AFFIRMED.