# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2021

Lyle W. Cayce
Clerk

No. 19-60754

Demeko Green,

*Petitioner—Appellant*,

*versus*

Warden C. Rivers,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-611

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Demeko Green, a federal prisoner currently incarcerated in Mississippi, was convicted in the United States District Court for the Western District of Tennessee for conspiracy to possess at least one kilogram of heroin with intent to distribute. Based on Green's prior federal and Tennessee drug convictions, the sentencing court determined that Green

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60754

was a career offender under § 4B1.1(b)(1) of the United States Sentencing Guidelines and sentenced him to 200 months' imprisonment.

Green unsuccessfully moved to vacate his sentence under 28 U.S.C. § 2255 in the Western District of Tennessee. Green then challenged his sentence by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Mississippi. In his § 2241 petition, which is the subject of this appeal, Green argued that the district court erred in applying the § 4B1.1(b)(1) career offender sentencing enhancement, based on the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). The district court *sua sponte* dismissed Green's petition with prejudice as to jurisdiction and without prejudice "in all other respects." Green appeals, arguing that the district court erred in concluding that it did not have jurisdiction over his petition.

We review de novo a district court's dismissal of a § 2241 petition on the pleadings. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A writ of habeas corpus under § 2241 and a motion to vacate a sentence under § 2255 are "distinct mechanisms for seeking post-conviction relief." *Id.* The former "attacks the manner in which a sentence is carried out" and must be filed in the district where the defendant is incarcerated, while the latter provides a means for collaterally attacking the validity of a conviction or sentence and must be filed in the sentencing court. *Id.* at 451–52. Because Green challenges the application of the career offender sentencing enhancement, an alleged error that occurred at sentencing, a § 2255 motion is the proper vehicle for this challenge. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1114 (5th Cir. 1990).

However, a petitioner may use § 2241 to challenge the validity of his sentence if he can satisfy the § 2255 savings clause, which requires the petitioner to show that the remedy provided for under § 2255 is "inadequate

or ineffective." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The petitioner bears the burden of establishing that § 2255's savings clause should apply. *Id.* To do so, the petitioner must show both that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

Green cannot proceed with his § 2241 petition because he fails to make the first showing. Green does not base his challenge to the career offender sentencing enhancement on any retroactively applicable Supreme Court decision. He instead relies solely on the Sixth Circuit's decision in *Havis*. This is insufficient for purposes of satisfying § 2255's savings clause.

Because Green cannot proceed with his § 2241 petition, the district court properly determined that it did not have jurisdiction and dismissed the petition. We therefore AFFIRM.