**Manuel Nick SOLSONA, Jr.,**
**Plaintiff-Appellant,**

v.

**WARDEN, F.C.I., et al.,**
**Defendants-Appellees.**

No. 86–2753
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 1987.

---

Dane Smith, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Tyler, Tex., for defendants-appellees.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

RANDALL, Circuit Judge:

Manuel N. Solsona appeals the district court's dismissal of his complaint alleging a direct action under the Constitution for damages, see *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and seeking declaratory relief that his conviction is unconstitutional pursuant to 28 U.S.C. §§ 2201 and 2202. We conclude that because Solsona's claim that he was denied counsel attacks the validity of his conviction and Solsona has failed to exhaust the post-conviction remedies provided under 28 U.S.C. § 2255, his claims cannot proceed. However, we also conclude that the district court erred in dismissing these claims with prejudice because the district court did not have jurisdiction to treat these claims as a section 2255 motion. We affirm as to the dismissal of Solsona's other claims, however, reasoning that they were properly disposed of on the merits as requests for a writ of habeas corpus under 28 U.S.C. § 2241. Hence, we vacate the judgment of the district court as to Solsona's right to counsel claims and remand this case so that the district court may determine whether dismissal without prejudice or holding these claims in abeyance pending exhaustion of section 2255 remedies is appropriate in this case. We affirm in all other respects the judgment of the district court.

## I.

On September 9, 1960, Solsona pled guilty to a narcotics offense in the United States District Court for the Western District of Texas. Solsona was sentenced by the district court on September 21, 1960, to ten years' imprisonment. On April 1, 1964, Solsona escaped from the Federal Correctional Institution is Seagoville, Texas. On May 5, 1966, Solsona was indicted for escape by the federal grand jury in the Northern District of Texas, but the indictment was later dismissed on May 7, 1976. Solsona was recaptured on November 18, 1984, and is currently serving the remainder of his 1960 sentence in the Federal Correctional Institution, Texarkana.

On April 1, 1985, Solsona filed this action in the United States District Court for the Eastern District of Texas. As relief, Solsona sought a declaration that his 1960 conviction and sentence are illegal because he was not provided with counsel at either his guilty plea proceeding or his sentencing proceeding, a declaration that the government lost jurisdiction over him when it dismissed the escape indictment, and monetary damages for the alleged violation of his constitutional rights. On April 12, 1985, the district court entered an order under 28 U.S.C. § 636(b)(1) and (b)(3) referring the case to a federal magistrate. The government responded to Solsona's complaint on June 12, 1985, by filing a motion to dismiss or, in the alternative, for summary judgment. The government filed an addendum to the motion on June 27, 1985. The grounds advanced by the government for summary judgment or dismissal were that (1) Solsona's judgment of conviction stated that he was afforded counsel, (2) Solsona was currently serving the remainder of his 1960 sentence, so the fact that the escape indictment was dismissed is of no consequence, (3) the defendants were entitled to judgment on their defense of qualified immunity, (4) the Attorney General of the United States had not been properly served, and (5) Solsona had failed to exhaust the administrative remedies afforded by the bureau of prisons.

On May 21, 1986, a hearing was held before the magistrate. At the hearing, Solsona testified that he was not represented by counsel when he pled guilty and was sentenced in 1960. The government offered into evidence a copy of the 1960 judgment of conviction, which stated that Solsona had been represented by counsel at his guilty plea proceeding, but did not state that Solsona was represented by counsel at the sentencing hearing.

On August 8, 1986, the magistrate issued his report and recommendation. The magistrate concluded that Solsona was represented by counsel at both the guilty plea and sentencing proceedings in 1960, that Solsona was not being illegally detained on the dismissed escape charge, but was instead being detained pursuant to his original sentence, and that the government did not lose jurisdiction over Solsona when the escape charge was dismissed. Hence, the magistrate recommended that Solsona's complaint be dismissed with prejudice. Solsona filed timely objections to the magistrate's report and recommendation, attacking only the magistrate's conclusion that Solsona was represented by counsel in 1960.

On September 4, 1986, the district court, after having reviewed the report and recommendation of the magistrate and having made a *de novo* determination of Solsona's objections thereto, adopted the report and recommendation of the magistrate as the findings of fact and conclusions of law of the district court and dismissed Solsona's complaint with prejudice. On September 12, 1986, Solsona filed a timely notice of appeal to this court. On appeal, Solsona argues only that the district court erred in dismissing his claim that his 1960 conviction and sentence are illegal because he was not represented by counsel at those proceedings.

## II.

■ Although not raised by the government, the dispositive issue presented in this case is whether Solsona, a *federal* prisoner, may properly attack the constitutionality of his conviction in a *Bivens*-type action when he has not sought post-conviction relief under 28 U.S.C. § 2255. This issue was recently addressed by the Eleventh Circuit in *Dees v. Murphy*, 794 F.2d 1543 (11th Cir. 1986), and by this court in *Spina v. Aaron*, 821 F.2d 1126 (5th Cir.1987).

In *Dees*, a federal prisoner brought a civil rights action against various state and federal defendants seeking a declaration that his arrest, conviction, and imprisonment were in violation of several of his constitutional rights and also requesting monetary damages for the same violations. The Eleventh Circuit, relying on decisions of the Supreme Court and this court holding that if an action brought by a *state* prisoner under 42 U.S.C. § 1983 challenges the constitutionality of his conviction, his initial remedy is habeas corpus, stated as follows:

> Here, Dees clearly is challenging the validity of his conviction: not only does he request that his conviction be declared constitutionally invalid, but proof of his claim would factually undermine his conviction. Congress provided 28 U.S.C. § 2255 as the appropriate remedy for collateral attack of a federal conviction. Therefore, we hold that a federal prisoner may not bring a civil rights action directed at the validity of the prisoner's conviction without first exhausting federal habeas corpus remedies.

*Id.* at 1545. Similarly, in *Spina*, this court held that a federal prisoner could not challenge the fact or duration of his confinement in a *Bivens* action prior to the exhaustion of his habeas corpus post-conviction remedies. At 1128. Following *Spina* and *Dees*, we hold that because Solsona's claims that he was denied counsel at his guilty plea and sentencing proceedings attack the constitutionality of his conviction and proof of Solsona's claims would factually undermine the validity of his conviction, his exclusive initial remedy as to these claims is a motion under 28 U.S.C. § 2255.

■ The district court would ordinarily have the option of simply treating Solsona's *Bivens* claims as a section 2255 motion. *Cf. Spina*, at 1127 (district court treated *Bivens* action as § 2241 motion and

then dismissed for want of jurisdiction).[1] We note that in this case, however, the district court did not have jurisdiction to treat Solsona's complaint as a section 2255 motion because a section 2255 motion must be filed with the sentencing court.[2] *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. Unit A 1981) (§ 2255 claims "may be adjudicated only in the district in which the prisoner was sentenced"), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981). Here, Solsona's complaint was filed in the Eastern District of Texas. He was sentenced, however, in the Western District of Texas. Hence, the only court that would have jurisdiction to treat Solsona's *Bivens* claims based on his right to counsel as a section 2255 motion is the District Court for the Western District of Texas.

■ Furthermore, the district court could not treat Solsona's claims that he was denied counsel at his guilty plea and sentencing proceedings as a section 2241 motion. *See United States v. Flores,* 616 F.2d 840, 842 (5th Cir.1980) ("appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing"); *Lane v. Hanberry,* 601 F.2d 805, 806 (5th Cir.1979) (§ 2255 "has consistently been construed to be the primary means of post-conviction relief for prisoners, allowing resort to habeas corpus only when it appears that the remedy under § 2255 would be 'ineffective or inadequate' "). Hence, the district court had no jurisdiction to decide Solsona's right to counsel claims, and the district court therefore erred in reaching the merits of these claims and in dismissing them with prejudice.

■ The same is not true, however, of Solsona's other claims, which are based on the premise that he is serving a sentence for felony escape, a crime for which he was neither convicted nor sentenced. We think that these claims could properly have been treated by the district court as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2241 petitions, unlike section 2255 motions, need not be filed in the convicting court, but may be filed in any court with jurisdiction over the prisoner or his custodian.[3] *Blau v. United States,* 566 F.2d 526, 527 (5th Cir.1978) ("Under 28 U.S.C. § 2241, the writ can be sought by a federal prisoner only from a district court with jurisdiction either over the prisoner or his custodian."). Hence, the district court properly addressed these claims and rendered judgment on the merits as to them. Since Solsona does not appeal the district court's disposition of these claims, we affirm as to them. We also note that these claims are plainly meritless in that there is no evidence that Solsona is serving time for the escape charge; instead, all of the evidence supports the government's position that Solsona is serving out the remainder of his 1960 sentence. *See Theriault v. Peek,* 406 F.2d 117, 117 (5th Cir.1968) ("Escape from prison interrupts service, and

1. We note that this court has approved in other contexts the recharacterization of pro se prisoner claims by both this court and district courts according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint. *See, e.g., United States v. Babineau,* 795 F.2d 518, 519 (5th Cir.1986) (untimely appeal from denial of Fed.R.Crim.P. 35 motion to reduce sentence treated on appeal as § 2255 motion); *United States v. Santora,* 711 F.2d 41, 42 (5th Cir.1983) (construing Fed.R. Crim.P. 35 motion as § 2255 motion) (collecting cases); *Keenan v. Bennett,* 613 F.2d 127, 128–29 (5th Cir.1980) (approving magistrate's treatment of § 1983 complaint as application for a writ of habeas corpus).

2. Although the government has not raised the issues of exhaustion of section 2255 post-conviction remedies and the jurisdiction of the district court to reach Solsona's right to counsel claims by treating them as a request for section 2255 relief, but has merely argued for affirmance of the district court's dismissal of these claims with prejudice, we raise *sua sponte* the question of the district court's jurisdiction. *See Warren G. Kleban Eng'g Corp. v. Caldwell,* 490 F.2d 800, 802 n. 1 (5th Cir.1974) ("[T]he Courts of Appeals have a continuing duty to inquire into the basis of jurisdiction in the district court and to satisfy themselves that the district court properly had jurisdiction to entertain an action."); *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522, at 70–72 (2d ed. 1984).

3. We note that these claims are premised on the fact that there was no conviction on the charge in the dismissed escape indictment, and therefore there could be no convicting or sentencing court in which a section 2255 petition could be filed.

the time elapsing between escape and re-taking contribute nothing to the service of the sentence."), *cert. denied*, 394 U.S. 1021, 89 S.Ct. 1644, 23 L.Ed.2d 47 (1969).

■ Because Solsona failed to exhaust his section 2255 remedies as to his right to counsel claims, the district court improperly rendered a decision on the merits of those claims. *Cf. Williams v. Dallas County Comm'rs*, 689 F.2d 1212, 1215 & n. 2 (5th Cir.1982) (§ 1983 claim), *cert. denied*, 461 U.S. 935, 103 S.Ct. 2102, 77 L.Ed.2d 309 (1983); *Caldwell v. Line*, 679 F.2d 494, 495–97 (5th Cir.1982) (§ 1983 claim). Instead, the district court should have either dismissed Solsona's right to counsel claims without prejudice or held those claims in abeyance pending exhaustion of his section 2255 remedies in the proper court. *Spina*, at 1128–29; *cf. Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir.1983) (§ 1983 claim). The determination of whether to hold the *Bivens* claims in abeyance or to dismiss them should be based upon considerations of any statute of limitations problems a dismissal would raise. *Spina*, at 1128–29.[4] Hence, we vacate the judgment of the district court as to Solsona's right to counsel claims, and we remand for a determination of whether dismissal without prejudice or holding those claims in abeyance pending exhaustion is appropriate. We affirm the dismissal of Solsona's other claims.

### III.

For the above reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and this case is REMANDED for further proceedings consistent with this opinion.

---

4. We note that this court looks to state law to determine the applicable statute of limitations for *Bivens* actions. *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987); *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir.1983), *cert. denied*, 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 826 (1984); *Alford v. United States*, 693 F.2d 498, 499 (5th Cir.1982).