952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tyrees C. WHITEHEAD, Plaintiff-Appellant,
v.
CITY OF RICHMOND; W.S. Dickerson, Defendants-Appellees.
 No. 91-7673.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 5, 1991.
Decided Dec. 27, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. (CA-91-220), Robert R. Merhige, Jr., Senior District Judge.
 Tyrees C. Whitehead, appellant pro se.
 E.D.Va.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before DONALD RUSSELL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrees C. Whitehead appeals from the district court's order denying relief on Whitehead's complaint presenting claims under 42 U.S.C. § 1983 (1988), most of which constituted indirect challenges to his federal conviction. Noting that Whitehead's direct appeal is currently pending with this Court, the district court dismissed the claims relating to his conviction without prejudice as premature. See Bowen v. Johnston, 306 U.S. 19, 26-27 (1939); Solsona v. Warden, 821 F.2d 1129, 1131 (5th Cir.1987). Finding the remaining claim to be frivolous under 28 U.S.C. § 1915(d) (1988) the district court dismissed this claim.
 
 
 2
 We affirm the dismissal of claim seven on the reasoning of the district court.
 
 
 3
 Though we agree with the district court's characterization of the remainder of Whitehead's claims, we believe that the district court should have stayed these claims on its docket rather than dismissing them. Virginia's two-year personal injury statute of limitations is applicable to these claims. Because the events giving rise to these claims occurred in October 1990 there is a substantial likelihood that Whitehead would be unable to fully exhaust both his direct appellate remedies, as well as his § 2255 remedies, before the statute would run on the claims. In such a situation, the district court should stay the claims rather than dismissing them. See Hamlin v. Warren, 664 F.2d 29, 32 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982); Solsona, 821 F.2d at 1133.
 
 
 4
 Accordingly, we vacate that portion of the district court's order dismissing claims one through six and remand with instructions to stay these claims on the court's docket.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.