IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40562
Conference Calendar
_____


CARLOS HILL,

                                        Petitioner-Appellant,

versus

N.L. CONNER, Warden,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:98-CV-87
- - - - - - - - - -

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Carlos O'Brien Hill, federal prisoner #10443-050, appeals

the dismissal without prejudice of his habeas corpus petition.

Hill filed his petition invoking 28 U.S.C. § 2241.  Despite his

argument to the contrary, Hill is challenging the legality of his

conviction and sentence, rather than the execution of his

sentence.  The district court did not err in finding that Hill's

request for habeas corpus relief fell not under § 2241 but under

28 U.S.C. § 2255.  See Solsona v. Warden, F.C.I., 821 F.2d 1129,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1131-32 (5th Cir. 1987).

Hill does not argue that the district court for the Eastern District of Texas abused its discretion by dismissing his constructive § 2255 motion rather than transferring it to the Northern District of Texas. This is probably because Hill already raised the double-jeopardy claim in a § 2255 motion filed in the Northern District of Texas. See United States v. Hill, U.S.D.C. No. 3:96-CV-2572-R (N.D. Tex. July 8, 1998). A judge of this court denied a certificate of appealability to appeal the denial of that motion. See United States v. Hill, No. 98-10729 (5th Cir. Nov. 24, 1998). Hill did not inform the district court or this court of this disposition of his claim. By filing a § 2241 petition in the Eastern District and a § 2255 motion in the Northern District, Hill has abused the judicial process.

Hill's appeal is without arguable merit and is thus DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Hill is cautioned that future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. Hill is further cautioned to review any pending appeals to ensure that they are not frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.