**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-11306
Summary Calendar**
_____

**ROYAL MAYNE HOPPER, JR.,**

**Petitioner-Appellant,**

**versus**

**UNITED STATES OF AMERICA,**

**Respondent-Appellee.**

**Appeal from the United States District Court
for the Northern District of Texas
(4:00-CV-1490-E)**

March 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Royal Mayne Hopper, Jr., federal prisoner #27844-048, contests the dismissal of his 28 U.S.C. § 2241 petition as meritless. On double jeopardy grounds, Hopper's petition attacks his 1993 criminal sentence, contending it was followed by the "civil forfeiture" of his Social Security retirement benefits under 42 U.S.C. § 402(x)(1)(A)(i).

Hopper's double jeopardy claim is premised on an error in the imposition of his sentence, rather than in the manner in which his sentence is being executed. Therefore, the claim should have been asserted in a 28 U.S.C. § 2255 motion to vacate, set aside, or

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

correct the sentence.  *See **Cox v. Warden, Fed. Detention Ctr.**, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Section 2255 provides the primary means of collateral attack on a federal sentence.  Relief under this section is warranted for any error that occurred at or prior to sentencing.  A petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention." (internal quotation marks, brackets, and citation omitted)).

A 28 U.S.C. § 2255 motion must be filed in the district where the sentence was imposed; Hopper's was in the District of Nevada. *See* 28 U.S.C. § 2255; ***Solsona v. Warden, F.C.I.***, 821 F.2d 1129, 1132 (5th Cir. 1987).  Therefore, the district court lacked jurisdiction to construe Hopper's petition as a § 2255 motion.  ***Id.***

In the light of the foregoing, the judgment is **AFFIRMED** on the ground that Hopper failed to state a claim for relief under § 2241. *See **Sojourner T v. Edwards***, 974 F.2d 27, 30 (5th Cir. 1992) (court of appeals may affirm district court's judgment on any basis supported by record), *cert. denied*, 507 U.S. 972 (1993).

***AFFIRMED***

2