IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40737
Summary Calendar

_____

CARL LYNN BINION,

Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-174
--------------------
October 4, 2002

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Carl Binion, federal prisoner no. 94553-080, filed a petition for habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Texas, where he was incarcerated for drug-trafficking and firearm-use convictions 1999. He argued that his firearm conviction was invalid because his indictment failed to charge a predicate drug sale in which he used a firearm.

The district court correctly construed the petition as a motion under 28 U.S.C. § 2255 because Binion was attacking the

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

legality of his conviction and sentence rather than the manner of execution of his sentence. <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877-78 (5th Cir. 2000). The district court also correctly determined that Binion's case does not fit within the "savings clause" of 28 U.S.C. § 2255 because the remedy under 28 U.S.C. § 2255 is not "inadequate or ineffective." <u>See</u> 28 U.S.C. § 2255; <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001); <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1131-32 (5th Cir. 1987).

The district court for the Eastern District of Texas lacked jurisdiction over Binion's properly construed 28 U.S.C. § 2255 motion because Binion's conviction occurred in the Western District of Texas. <u>See</u> <u>United States v. Weathersby</u>, 958 F.2d 65, 66 (5th Cir. 1992) (motion under 28 U.S.C. § 2255 must be filed in district of conviction and sentence); <u>Solsona</u>, 821 F.2d at 1131-32. Although the district court dismissed Binion's 28 U.S.C. § 2255 motion as untimely, we affirm the dismissal on grounds that the district court lacked jurisdiction to consider the motion. <u>See</u> <u>Bickford v. International Speedway Corp.</u>, 654 F.2d 1028, 1031 (5th Cir. 1981) (district court can be affirmed on grounds not relied on by district court).

The judgment of the district court is

AFFIRMED.