United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20774
Conference Calendar

_____

CAROL JOHNENE MORRIS,

                                        Petitioner-Appellant,

versus

LINDA PRESCOTT, Warden; UNITED STATES OF AMERICA,

                                        Respondents-Appellees.

-------------------------

CAROL JOHNENE MORRIS,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. H-02-CV-4878
H-03-CV-280
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Carol Johnene Morris, federal prisoner #76547-080, appeals

the district court's dismissal of her 28 U.S.C. § 2241 petition

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for writ of habeas corpus. Morris contends that the district court erred when it disregarded her express consent to proceed before the magistrate judge, consolidated her petition for sentencing credit with her petition alleging due process violations, and construed her consolidated 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion to vacate sentence and dismissed it for lack of jurisdiction.

Although Morris consented to proceed before the magistrate judge, she does not allege, nor does the record reflect, that Respondents likewise consented. Accordingly, as all parties did not consent to proceed before the magistrate judge, the district court did not err. See FED. R. CIV. P. 73(a).

Further, Morris has failed to demonstrate that the district court abused its discretion when it consolidated the two petitions which involved challenges to the same conviction and sentence. See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1161 (5th Cir. 1992).

Finally, Morris was contesting the validity of her sentence, as imposed by the district court, rather than its execution by the Bureau of Prisons. Thus, the district court properly construed her consolidated 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion to vacate sentence. A 28 U.S.C. § 2255 motion must be filed in the district court which imposed the sentence. See 28 U.S.C. § 2255; see also Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987). Morris was convicted and

sentenced in the Western District of Texas.  Therefore, the district court properly dismissed Morris' petition for lack of jurisdiction.

Accordingly, the judgment of the district court is AFFIRMED.