United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-41180
Conference Calendar

---

TERRY COLEY,

                                        Petitioner-Appellant,

versus

HARLEY G. LAPPIN; WARDEN DAVID JUSTICE,

                                        Respondents-Appellees.

---
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:04-CV-108
---

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Terry Coley was convicted of conspiracy to possess drugs
with intent to distribute and possession of drugs with intent to
distribute and sentenced to serve 188 months in prison and a
five-year term of supervised release.  He filed a 28 U.S.C.
§ 2241 habeas corpus petition to challenge this conviction and
sentence, and he now appeals the district court's dismissal of
his § 2241 petition.  He argues that he should be permitted to
pursue § 2241 relief in accordance with the savings clause of

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 2255 because his fugitive status prevented him from timely pursuing § 2255 relief.  He also presents argument on the merits of his sentencing claims.

Coley has not shown that the district court erred in determining that his purported § 2241 petition was best construed as a § 2255 motion over which the district court lacked jurisdiction.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987).  Coley's contention that he should be permitted to proceed under § 2241 due to his prior status as a fugitive is unpersuasive.  The judgment of the district court is AFFIRMED.