**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-10789
Summary Calendar

NICHOLAS MORENO,

Petitioner-Appellant,

versus

WARDEN, EDEN DETENTION CENTER;
ERIC H. HOLDER, JR., U.S. Attorney General,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:08-CV-1041

Before SMITH, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

    After Nicholas Moreno, federal prisoner # 23608-069, was convicted, his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentence was affirmed on appeal, his first 28 U.S.C. § 2255 motion was denied, and his motion for certificate of appealability and request to file a successive § 2255 motion were denied. He then filed a purported 28 U.S.C. § 2241 petition in which he argued that his plea was invalid and that his sentence was void on account of various problems with his extradition proceedings.

The district court determined that the purported § 2241 petition was actually a § 2255 motion over which it lacked jurisdiction, so the court dismissed the suit. Moreno appeals the dismissal and requests appointed counsel.

Moreno maintains that his extradition proceedings were invalid, and he asserts that he should be permitted to bring his challenges to these proceedings in a § 2255 motion. He does not present argument on, and has thus abandoned, the claims relating to his guilty plea. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Moreno's claims are grounded in alleged errors that took place before sentencing, so the district court did not err by determining that the purported § 2241 petition is best construed as a § 2255 motion. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). The court likewise did not err by determining that it lacked jurisdiction over the motion, which was an unauthorized successive § 2255 motion. *See* § 2255; *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).

The judgment is AFFIRMED. The motion for appointment of counsel is DENIED.