**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 11, 2011

No. 10-60851
Summary Calendar

Lyle W. Cayce
Clerk

MARLIN DAVIS,

Petitioner-Appellant

v.

BRUCE PEARSON,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-18

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marlin Davis, federal prisoner # 30704-004, moves to proceed in forma pauperis (IFP) to appeal the dismissal as frivolous of his 28 U.S.C. § 2241 petition challenging his conviction for possession with intent to distribute cocaine, cocaine base, and marijuana. In that petition, Davis argued that his criminal history score had been incorrectly calculated at his original sentencing. The district court denied Davis leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith because Davis had not shown the 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2255 remedy to be inadequate. Our review is de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Davis can proceed via § 2241 only if he shows the § 2255 remedy is inadequate by demonstrating under the savings clause that his claim (i) is based on a retroactively applicable Supreme Court decision which established that he may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Davis argues that he meets the savings clause requirements because he was unable to successfully challenge the calculation of his criminal history score until the enactment of Amendment 706 of the Sentencing Guidelines. Davis's claim that his criminal history score was incorrectly calculated, however, is not based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense and, further, the claim was not foreclosed by the Eleventh Circuit at the time of his direct appeal. *See Garland v. Roy*, 615 F.3d 391, 397-98 (5th Cir. 2010). Moreover, Davis's argument of "actual innocence" relates to the propriety of his sentence and, as such, is not the type of argument that warrants § 2241 review, as he is not asserting his innocence of the crime of conviction. *See Kinder*, 222 F.3d at 213. Davis's alternative argument that the actual innocence and miscarriage of justice standards provide an exception to the requirement that a petitioner must qualify under the savings clause of § 2255 to challenge his conviction and sentence in a § 2241 petition fails as we have consistently held that federal habeas law does not recognize a freestanding actual innocence claim. *See Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006). Finally, to the extent Davis's petition could be construed as a § 2255 motion, the district court did not err in determining that it lacked jurisdiction. *See* § 2255(e); *see also Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).

No. 10-60851

The district court thus did not err in dismissing his petition. Davis has not shown that his appeal involves a nonfrivolous issue. Consequently, his request for IFP is denied, and his appeal is dismissed as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.