# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2013

Lyle W. Cayce
Clerk

No. 13-60194
Summary Calendar

TERRY W. STEWART,

Petitioner-Appellant

v.

MARCUS MARTIN, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:13-CV-4

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Terry W. Stewart, federal prisoner # 17057-075, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his 2001 conviction in the Western District of North Carolina on multiple counts of conspiracy, mail fraud, wire fraud, and money laundering. In his petition, Stewart alleged that the trial court violated his Sixth Amendment rights when it quashed his subpoena of codefendant Phillip Vaughan and denied his request to introduce Vaughan's hearsay statements at trial. According to Stewart, his claims were properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brought under § 2241 via the savings clause of 28 U.S.C. § 2255 because he was asserting a claim of actual innocence.

A federal prisoner can proceed via § 2241 only if he shows that relief under § 2255 is inadequate or ineffective, which in turn requires him to demonstrate under the savings clause that his claim (i) is based on a retroactively applicable Supreme Court decision which established that he may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Stewart has failed to make the requisite showing. He has also not shown that his claim of actual innocence provides an exception to the requirement that a petitioner first satisfy the savings clause of § 2255 in order to challenge his conviction and sentence in a § 2241 petition. Therefore, the district court did not err in concluding that Stewart could not bring his claims in a § 2241 petition. *See Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001). The district court also did not err in concluding that, to the extent Stewart's petition could be construed as a § 2255 motion, the court lacked jurisdiction. *See* § 2255(a); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). Accordingly, the district court's judgment is AFFIRMED.