# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10543
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2014

Lyle W. Cayce
Clerk

KOLEOWO ADEYEMI ADESOYE,

Petitioner-Appellant

v.

M. BATTS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-68

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Koleowo Adeyemi Adesoye, federal prisoner # 43456-279, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his 2009 convictions in the Southern District of Texas for multiple counts of bank fraud and one count of aggravated identity theft.  In his petition, Adesoye alleged that the district court impermissibly relied on proffered information on intended loss to increase his sentence.  According to Adesoye, his claims were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

properly brought under § 2241 via the savings clause of 28 U.S.C. § 2255 because he was asserting a gateway claim of actual innocence.

A federal prisoner can proceed via § 2241 only if he shows that relief under § 2255 is inadequate or ineffective, which in turn requires him to demonstrate under the savings clause. This requires advancing "a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Adesoye has failed to make the requisite showing. He has also not shown that his claim of actual innocence provides an exception to the requirement that a petitioner first satisfy the savings clause of § 2255 in order to challenge his conviction and sentence in a § 2241 petition. Therefore, the district court did not err in concluding that Adesoye could not bring his claims in a § 2241 petition or in not conducting a hearing. *See Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001); *see also Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989). The district court also did not err in concluding that, to the extent Adesoye's petition could be construed as a § 2255 motion, the court lacked jurisdiction. *See* § 2255(a); *Solsona v. Warden*, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987). Accordingly, the district court's judgment is AFFIRMED.