# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2015

Lyle W. Cayce
Clerk

HECTOR RODRIGUEZ-PENA,

Plaintiff–Appellant,

versus

T. G. WERLICH,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-994

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hector Rodriguez-Pena, federal prisoner # 07935-069, was convicted, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31066

federal court in Puerto Rico, of various offenses, including conspiracy to import, importation, and possession with the intent to distribute controlled substances; possessing a firearm during the commission of a drug-trafficking offense; and aiding and abetting an attempt to kill federal agents who were in the line of duty. The judgment was affirmed. *United States v. Rodriguez-Pena*, Nos. 93-2259, 93-2260, 93-2261, 93-2262, 1995 WL 275691, at *1, *11, *19 (1st Cir. May 11, 1995).

Rodriguez-Pena was denied relief under 28 U.S.C. § 2255 in 2003, and in 2009 he was denied authorization to file a successive § 2255 motion. In 2014, he filed an ostensible 28 U.S.C. § 2241 petition in the United States District Court for the Western District of Louisiana, where he is imprisoned. Adopting the report and recommendation of the magistrate judge, that court dismissed for want of jurisdiction.

Rodriguez-Pena claims that *Rosemond v. United States*, 134 S. Ct. 1240 (2014), requires reversal of his conviction of aiding and abetting the possession of a firearm in furtherance of a drug-trafficking offense. Because he challenges the validity of his conviction, his petition was properly construed as a § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

Even if *Rosemond* applies retroactively, Rodriguez-Pena may not proceed with a § 2241 petition under the savings clause of § 2255(e), given that he has not established that pre-*Rosemond* law precluded his claim. In its decision in the direct appeal, the First Circuit made clear that the government had been required to prove that Rodriguez-Pena had advance knowledge of the firearms used in the drug-trafficking offense. *See Rodriguez-Pena*, 1995 WL 275691, at *12; *see also United States v. DeMasi*, 40 F.3d 1306, 1316 (1st Cir. 1994). Thus, it "was not error" to determine that § 2241 was unavailable. *See Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

No. 14-31066

Because it was not the sentencing court, "the district court did not have jurisdiction to treat" Rodriguez-Pena's petition as a § 2255 motion. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). The district court was correct in dismissing.

AFFIRMED.