# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2015

Lyle W. Cayce
Clerk

MICHAEL CRAIG PETE,

Petitioner-Appellant

v.

CHARLES DANIELS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-366

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Craig Pete, federal prisoner # 01373-380, was convicted in November 2012 in federal court in the Western District of Texas of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Pete was sentenced to 120 months of imprisonment and three years of supervised release. He did not appeal and did not seek relief under 28 U.S.C. § 2255. In July 2014, Pete initiated this proceeding under 28 U.S.C. § 2241 in federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41157

court in the Eastern District of Texas, where he is imprisoned. The district court dismissed the petition. We affirm.

Pete's challenge to his sentence and conviction implicates § 2255. Ordinarily, a petition filed under § 2241 that raises errors "that occur[red] at trial or sentencing is properly construed under § 2255." *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). However, a § 2255 motion may be adjudicated by the sentencing court only. § 2255(a); *see Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). Because Pete was not sentenced in the Eastern District of Texas, he may not seek § 2255 relief there. *See* § 2255(a). Nevertheless, he may avoid the jurisdictional stricture of § 2255(a) by proceeding under § 2241 if he shows § 2255 offers no adequate or effective relief. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).

Pete fails to make the required showing. *See Reyes-Requena*, 243 F.3d at 904. He does not cite a retroactively applicable Supreme Court ruling establishing that he may have been convicted of a nonexistent offense, and he does not argue that his claims were foreclosed at the time when they should have been raised at trial, on appeal, or in an initial § 2255 motion. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). Additionally, Pete's actual innocence argument is unavailing. *See McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006).

It "was not error" for the district court to conclude that § 2241 relief was unavailable to Pete. *Jeffers*, 253 F.3d at 831; *see Garland*, 615 F.3d at 394. And because it was not the sentencing court, "the district court did not have jurisdiction to treat" Pete's petition as a § 2255 motion. *Solsona*, 821 F.2d at 1132. Consequently, the district court was correct in dismissing.

AFFIRMED.