# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30055
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2016

Lyle W. Cayce
Clerk

ROBERT NELSON HOWELL,

Petitioner-Appellant

v.

T.G. WERLICH, Warden, Federal Correctional Institution, Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-2146

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Nelson Howell, federal prisoner # 09232-026, appeals the dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. In the petition, he challenged his conviction and sentence imposed by the United States District Court for the Southern District of Illinois for controlled substance offenses, as well as his conviction for a controlled substance offense in the District of Minnesota.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30055

Section 2241 is the procedural vehicle for challenging the manner in which a sentence is being executed, whereas a 28 U.S.C. § 2255 motion is the vehicle for collaterally attacking a federal conviction and sentence. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). Because Howell's challenge is to the constitutionality of his Illinois and Minnesota convictions, his claims fall under the purview of § 2255 rather than § 2241. *See Padilla*, 416 F.3d at 426. A § 2255 motion must be filed in the sentencing court. § 2255(a); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).

Although Howell could seek relief in a § 2241 petition filed in the Western District of Louisiana under § 2255's "savings clause" if he demonstrated that no adequate or effective relief was available under § 2255 and relief is available under § 2241, *see Reyes-Requena v. United States,* 243 F.3d 893, 903-04 (5th Cir. 2001), his arguments that his Minnesota conviction was obtained in violation of Federal Rule of Criminal Procedure 11 and that his Illinois conviction violated the Double Jeopardy Clause do not make the required showing. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

Accordingly, the judgment of the district court is AFFIRMED. Howell's motion to dismiss the superseding indictment is DENIED.