# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11642
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2017

Lyle W. Cayce
Clerk

JOHN D. HILLIN,

Petitioner-Appellant

v.

D.J. HARMON, Warden, Federal Correctional Institution Seagoville,

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1445

Before DAVIS, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:*

John D. Hillin, federal prisoner # 25915-001, seeks leave to appeal in forma pauperis (IFP) from the dismissal for lack of jurisdiction of a 28 U.S.C. § 2241 petition. In that petition, he challenged his sentences imposed by the United States District Court for the Northern District of Alabama for one count of possession of child pornography, three counts of distribution of child pornography, and seven counts of receipt of child pornography.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11642

By moving for leave to proceed IFP, Hillin is challenging the district court's certification that his appeal would be frivolous and not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Section 2241 is the procedural vehicle for challenging the manner in which a sentence is being executed, whereas a 28 U.S.C. § 2255 motion is the vehicle for collaterally attacking a federal conviction and sentence. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). Because Hillin is challenging the length of his Alabama sentences, his claims fall under the purview of § 2255 rather than § 2241. *See id.* A § 2255 motion must be filed in the sentencing court. § 2255(a); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). Further, Hillin's sentencing arguments fail to show that he falls under § 2255's "savings clause." *See Reyes-Requena v. United States,* 243 F.3d 893, 903-04 (5th Cir. 2001).

Hillin has no nonfrivolous argument that the district court erred in dismissing his § 2241 petition for lack of jurisdiction or by certifying that his appeal would not be taken in good faith. Accordingly, his motion to proceed IFP on appeal is DENIED. Because Hillin's appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.