# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10824
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2018

Lyle W. Cayce
Clerk

DAVID ROBERT KITCHEN,

Plaintiff - Appellant

v.

D.J. HARMON, Warden, Federal Correctional Institution Seagoville,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-942

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:*

David Robert Kitchen, federal prisoner # 85672-083, was convicted in the Eastern District of Virginia of possession of child pornography, in violation of 18 U.S.C. § 2252, and sentenced to 108 months' imprisonment. He did not appeal or seek relief under 28 U.S.C. § 2255, but instead filed a *pro se* petition under 28 U.S.C. § 2241 in the Northern District of Texas, where he is

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10824

incarcerated.  The court dismissed the petition.  Also proceeding *pro se* on appeal, Kitchen challenges the validity of his conviction and sentence.

Kitchen's claims implicate § 2255.  A § 2255 motion, however, must be filed in the sentencing court, which, in this instance, is the Eastern District of Virginia.  *E.g.*, § 2255(a); *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).  Because Kitchen was not sentenced in the Northern District of Texas, he may not seek § 2255 relief there.  § 2255(a).

On the other hand, Kitchen may proceed under § 2241 if he shows § 2255 offers no adequate or effective relief.  *E.g.*, *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).  Specifically, Kitchen must establish that his petition sets forth a claim "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when [it] should have been raised in [his] trial, appeal, or first § 2255 motion".  *Reyes-Requena*, 243 F.3d at 904.

Kitchen has not made the required showing.  Accordingly, the district court did not err in concluding § 2241 relief was unavailable.  *See Jeffers*, 253 F.3d at 830–31.

AFFIRMED.