# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 17-30067
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

BENJAMIN TILLMAN,

Petitioner-Appellant

v.

J.A. BARNHART, Warden, Federal Correctional Institution Pollock,

Respondent-Appellee

—————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-1304

—————————————

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Benjamin Tillman, federal prisoner # 04060-017, was convicted in the Northern District of Florida of conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846; he was sentenced to 480 months of imprisonment. While he was incarcerated in the Western District of Louisiana, he filed a petition under 28 U.S.C. § 2241. Tillman asserted that under *McFadden v. United States*, 135 S. Ct. 2298 (2015), he was convicted of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30067

a nonexistent offense because he lacked the requisite mens rea; *McFadden* applied retroactively; and, as such, his claim fell under 28 U.S.C. § 2255's savings clause.  The district court dismissed the case for want of jurisdiction.

Tillman fails to meet his burden of showing that his claim fell under § 2255's savings clause.  His contention that the Government failed to introduce the controlled substance at issue and prove the type of substance does not show he was convicted of a non-existent offense.  *See McFadden*, 135 S. Ct. at 2303-04; *see Reyes-Requena v. United States*, 243 F.3d 893, 900-04 (5th Cir. 2001).  Accordingly, the district court properly dismissed the motion for lack of jurisdiction.  *See Reyes-Requena*, 243 F.3d at 895 n.3; *see also Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).

AFFIRMED.