# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11163
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2018

Lyle W. Cayce
Clerk

ERNEST LOPEZ,

Petitioner-Appellant

v.

RODNEY CHANDLER, Warden, Federal Medical Center Fort Worth

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-738

Before ELROD, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Ernest Lopez, federal prisoner # 80121-280, pleaded guilty in the Western District of Texas to conspiring to possess with intent to distribute one kilogram or more of heroin and was sentenced as a career offender under U.S.S.G. § 4B1.1 on the basis of two Texas convictions for delivery of heroin. He brought this action under 28 U.S.C. § 2241 in the Northern District of Texas, in which he is incarcerated, alleging that his Texas heroin offenses could

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11163

not serve as predicates for enhancing his sentence under § 4B1.1 and that he was therefore actually innocent of the sentence imposed. Concluding that Lopez could not proceed under § 2241 because he failed to establish that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, the district court dismissed the case for lack of jurisdiction.

Lopez does not qualify for § 2241 relief because a claim of innocence of a career-offender sentencing enhancement does not satisfy the requirements of the savings clause of § 2255(e), which might otherwise allow for § 2241 relief. *See Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Thus, it "was not error" to determine that § 2241 was unavailable to Lopez. *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001); *see Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). And because it was not the sentencing court, "the district court did not have jurisdiction to treat" Lopez's motion as a § 2255 motion. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).

AFFIRMED.