# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2022

Lyle W. Cayce
Clerk

No. 20-10388
Summary Calendar

Eugene Self,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-666

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, Eugene Self, federal prisoner # 76522-080, filed this action pursuant to the Federal Tort Claims Act (FTCA), contending healthcare providers committed medical malpractice by failing to provide eye care in a timely and proper manner. The Government moved for summary

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10388

judgment, based on Self's failure to designate an expert to support his claims. Self filed an untimely response to the summary-judgment motion, asking the court to: appoint an expert witness, pursuant to Federal Rule of Evidence 706; appoint counsel; and grant his request for a jury trial. The district court denied Self's motions, granted the Government's summary-judgment motion, and dismissed Self's complaint. Continuing *pro se* on appeal, Self asserts the court: erred in awarding the Government summary judgment; and abused its discretion in denying his motion for appointment of an expert.

In considering a summary judgment, review is *de novo*. *E.g.*, *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant it entitled to judgment as a matter of law". *Id.* (citing FED. R. CIV. P. 56(a)). In seeking summary judgment, movant must establish there is no genuine dispute of material fact. *E.g.*, *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Movant is not required "to negate the elements of the nonmovant's case". *Id.* Rather, if movant meets this initial burden, the burden shifts to nonmovant to set forth specific evidence to support his claims. *Id.*

Regarding his summary-judgment challenge, Self asserts the court erred in: failing to liberally construe his pleadings and view them in a favorable manner; holding him to the same standards as an attorney; requiring him to produce an expert when he is a *pro se* litigant; and not permitting him to amend his complaint. In the light of this, he contends the court acted in a biased manner. Finally, he maintains the court should have construed his complaint as raising a constitutional claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than a claim under the FTCA.

Nothing in the record supports Self's judicial-bias claim. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) (explaining "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible"). Moreover, although for *pro se* litigants the label of the complaint is not determinative, and a court may recharacterize "according to the essence of the prisoner's claims", *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987), the record does not support Self's claims that the court failed to liberally construe his pleadings or that he intended to assert a *Bivens* claim.

"State law controls liability for medical malpractice under the FTCA." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Self alleges the claimed malpractice occurred in Indiana and continued in Texas. The laws of both states required him to present expert testimony to prove his medical malpractice claim. *See Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977) (explaining expert testimony required "[u]nless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman"); *Lusk v. Swanson*, 753 N.E.2d 748, 753 (Ind. Ct. App. 2001) (explaining "complex nature of medical diagnosis and treatment" require expert testimony).

And, because Self did not present an expert witness, the court did not err in granting summary judgment. *See Hannah*, 523 F.3d at 601–02 (explaining court properly granted summary judgment where *pro se* plaintiff failed to present expert testimony); *see also Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 & n.9 (5th Cir. 2016) (explaining *pro se* status does not excuse plaintiff from meeting burden of presenting evidence to support claims).

Even assuming Self had a right to amend his complaint after the Government moved for summary judgment and well after the deadline for

No. 20-10388

filing amendments had passed, courts "need not grant a futile motion to amend". *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Given that Self still had not located an expert at that time, granting him leave to amend would have been futile.

Finally, denial of a motion for appointment of an expert is reviewed for abuse of discretion. *See id.* at 600. Under Federal Rule of Evidence 706(a), the court may appoint an expert witness "to aid the court". *Id.*; Fed. R. Evid. 706(a). To the extent that Self, with the benefit of liberal construction, challenges the denial of his motion for appointment of an expert, under Rule 706, the court did not abuse its discretion. *See Hannah*, 523 F.3d at 600–01 (holding court did not abuse its discretion in denying plaintiff's request for expert).

AFFIRMED.