# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2023

Lyle W. Cayce
Clerk

—————————

No. 20-30715

—————————

Francis Brown,

*Plaintiff—Appellant*,

*versus*

Tim Hooper, *Warden, Louisiana State Penitentiary*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-763

———————————————————————

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.

Per Curiam:[*]

Louisiana prisoner Francis Brown filed a § 1983 action against the warden of the Louisiana State Penitentiary alleging deliberate indifference to a serious medical need. He later filed a document titled "Notice of Judicial Adjudication" making a First Amendment retaliation claim by alleging that he received a false misbehavior report in retaliation for utilizing the prison grievance process and filing a lawsuit. For pro se prisoners, the label placed

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

on a filing is not determinative and may be recharacterized by a court "according to the essence of the prisoner's claims." *Solsona v. Warden, FCI*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987). The district court should have construed the filing as a motion for leave to amend the complaint. *See Ganther v. Ingle*, 75 F.3d 207, 211–12 (5th Cir. 1996) ("The district court should have construed Ganther's response to the motion for summary judgment as a motion to amend his complaint.").

The magistrate judge recommended the district court dismiss the complaint as legally frivolous under 28 U.S.C. §§ 1915(e) and 1915A. The magistrate found Brown's claims for deliberate indifference lacked merit and named the wrong defendant. It made no recommendation on the First Amendment claim. The district court adopted the recommendation over Brown's objections, stating that the "retaliation claims are not in his Complaint, but rather in a separate notice of judicial adjudication, and therefore are not the subject of this order."

The district court ultimately entered judgment in the case without addressing the First Amendment claim. Although the district court never ruled on the notice, the court's entry of judgment without granting leave to amend constitutes an implicit denial. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) ("The denial of a motion by the district court, although not formally expressed, may be *implied* by the entry of a final judgment or of an order inconsistent with the granting of relief sought by the motion.").

On appeal, Brown argues that the district court shouldn't have dismissed his First Amendment claim. As we have repeatedly observed, we are a court of review, not first review. Accordingly, we vacate and remand to the district court to consider the First Amendment retaliation claim in the first instance.