# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31039
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2016

Lyle W. Cayce
Clerk

DERRICK DAMON RAINWATER,

Petitioner - Appellant

v.

T. G. WERLICH, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-761

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

For this *pro se* appeal from the dismissal of his 28 U.S.C. § 2241 petition, Derrick Damon Rainwater, federal prisoner # 25805-077, contends the district court wrongfully concluded it lacked jurisdiction.

Following his 1994 jury trial, Rainwater was convicted of: six counts of robbery and aiding and abetting, in violation of 18 U.S.C. § 1951(a) and 2 (counts one, three, four, six, eight, and ten); and, five counts of using a firearm

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

during a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and 2 (counts two, five, seven, nine, and 11).

Later that year, Rainwater was sentenced in the Northern District of Texas to, *inter alia*: concurrent terms of 108 months' imprisonment for the six robbery counts; a consecutive term of 60 months for count two; and consecutive terms of 240 months for each of counts five, seven, nine, and 11. (His concurrent sentences for the six robbery counts were subsequently reduced to 97 months, bringing his total sentence to 1,117 months' imprisonment.) Rainwater has attempted to pursue several 28 U.S.C. § 2255 challenges to that sentence. *E.g.*, *In re: Derrick D. Rainwater*, No. 06-10632, Doc. No. 9 (5th Cir. 8 Aug. 2006) (unpublished).

Rainwater filed the § 2241 petition at issue in the Western District of Louisiana, where he is incarcerated. In that petition, he challenged the legality of his five § 924(c) convictions in the light of the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), discussed *infra*. The district court construed the petition as a § 2255 motion and dismissed it for lack of jurisdiction. That dismissal is reviewed *de novo*. *E.g.*, *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Because Rainwater attacked the validity of his convictions, his petition was properly construed as a § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). But, a § 2255 motion must be filed in the sentencing court, which, as noted above, is the Northern District of Texas. § 2255(a); *e.g.*, *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001); *see also Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987) (holding only the sentencing court has jurisdiction to hear a § 2255 motion attacking the sentence). Rainwater may avoid this requirement, however, if he can satisfy the requirements of § 2255(e)'s "savings clause"; that is, he can

show the remedy afforded by a § 2255 motion "is inadequate or ineffective to test the legality of detention", therefore relief under § 2241 is proper.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (emphasis omitted); § 2255(e).

Our circuit has established a three-part test to determine the applicability of the savings clause.  Accordingly, Rainwater's § 2241 petition must:  raise a claim "that is based on a retroactively applicable Supreme Court decision"; that claim "was foreclosed by circuit law at the time when [it] should have been raised in [Rainwater's] trial, appeal or first § 2255 motion"; and, that retroactively applicable decision "establishes that [Rainwater] may have been convicted of a nonexistent offense".  *Reyes-Requena*, 243 F.3d at 904.  As discussed below, Rainwater fails to show *Rosemond* establishes that he may have been convicted of a nonexistent offense; therefore, we need not address the other two parts of the savings-clause test.  *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

In *Rosemond*, the Supreme Court held "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun".  134 S. Ct. at 1249.  A § 924(c) accomplice defendant is required to have "knowledge at a time [he] can do something with it—most notably, opt to walk away".  *Id*. at 1249–50.  As the Court explained in *Rosemond*: "[I]f a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge".  *Id*. at 1250 n.9.

As an initial matter, Rainwater's opening brief only challenges his § 924(c) conviction for count two, and does not discuss counts five, seven, nine, or 11; therefore, any challenges to those latter counts are waived.  *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).

No. 14-31039

Regarding his conviction for count two, the trial evidence shows Rainwater's accomplice displayed a firearm at the outset of the robbery that forms the basis of that count.  At that point, Rainwater, rather than withdrawing from the offense:  hopped over the counter; armed himself with a bread knife; and began to gather money.  Further, the evidence does not establish Rainwater would have "increase[d] the risk of gun violence" by aborting the robbery once the firearm was displayed.  *See Rosemond*, 134 S. Ct. at 1251.

In the light of the foregoing, Rainwater fails to show *Rosemond* establishes he may have been convicted of a nonexistent offense for count two; therefore, he has not met the requirements of the savings clause.  *See Reyes-Requena*, 243 F.3d at 904.  Accordingly, because it was not the sentencing court, the court properly concluded it did not have jurisdiction to treat Rainwater's petition as a § 2255 motion.  *Solsona,* 821 F.2d at 1132.

AFFIRMED.